IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENERAL FIDELITY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | Civ. Action No. 2:13-cv-743-WHA (WO) |
| MARCUS E. GARRETT, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Dismiss Declaratory Judgment or in the Alternative Motion to Abstain (Doc. # 13) filed by Defendant Marcus E. Garrett ("Garrett").

Plaintiff, General Fidelity Insurance Company ("General Fidelity"), filed a Complaint for Declaratory Judgment (Doc. #1) in this court on October 11, 2013 against Garrett and several other Defendants, namely Legacy Homes, LLC ("Legacy Homes"), David Chancellor, Catherine Chancellor, and Kenneth R. Hayes. In the Complaint, General Fidelity requests that this court grant declaratory judgment in its favor and find that it owes no obligation under certain insurance policies to defend, provide insurance coverage to, or indemnify Garrett in a currently pending state court action brought by Legacy Homes, the Chancellors and Hayes against Garrett and several others ("the Underlying Lawsuit"). Garrett has moved to dismiss General Fidelity's Complaint in its entirety or, in the alternative, to abstain from ruling in the declaratory judgment action.

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED, and the motion to abstain will be GRANTED to the extent that the case is stayed pending resolution of Garrett's parallel state court action.

## II. MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III. FACTS

The pertinent allegations, set out in the Complaint for Declaratory Judgment and its attached First Amended Complaint in the Underlying Lawsuit (Doc. #1-1) are as follows:

In April 2009, David Chancellor, Catherine Chancellor, and Kenneth R. Hayes, members of Legacy Homes, LLC ("Legacy Homes"), received notices that the IRS would be auditing them in connection with an attempted conservation easement transaction from 2007. As a result of the audit, the Chancellors and Hayes discovered that certain required documentation had not been obtained for the creation of a conservation easement. The Chancellors and Hayes were subjected to a criminal investigation as a result of the incomplete conservation easement transaction. The First Amended Complaint in the Underlying Lawsuit alleges that "[d]uring all relevant and material times, Defendant Marcus Garrett was the only certified public accountant (CPA) working for Legacy Homes, or CPA having membership in [Legacy Homes]." (Doc. # 1-1 ¶ 23).

The Chancellors, Hayes, and Legacy Homes filed their First Amended Complaint in the Underlying Lawsuit in the Circuit Court of Jefferson County, Alabama against other Defendants for fraud, breach of contract, breach of fiduciary duty, negligence, wantonness, and conspiracy, and added claims against Garrett, its former employee, for fraudulent suppression, negligent supervision and retention, breach of fiduciary duty, defamation, outrage, and conspiracy.

Prior to the Underlying Lawsuit, General Fidelity issued certain insurance policies to Legacy Homes, under which Garrett claims coverage as an insured. General Fidelity is currently defending Garrett against the allegations of the Underlying Lawsuit under a reservation of rights. However, General Fidelity asserts that it has no duty to defend or indemnify Garrett due to coverage descriptions and exclusions detailed in the policies, specifically a "Cross Suits

Exclusion," excluding coverage in any claim brought by one insured against another insured. General Fidelity brought the instant declaratory judgment action seeking to have this court declare that General Fidelity has no such duties.

On January 24, 2014, Garrett filed a Complaint in the Circuit Court of Montgomery County, Alabama against General Fidelity, the Whitecotton Insurance Agency, Todd Johnson, and others. Garrett's Complaint "includes causes of action for breach of contract, bad faith failure to pay, bad faith failure to investigate, fraud/suppression and failure to procure adequate insurance." (Doc. # 13 ¶ 3).  The suit relates to the policies which are the subject of this action. On the same day Garrett filed the motion now under consideration in this case.  Garrett states that the "state court Complaint encompasses any and all disputes against all parties regarding the insurance policies and the procurement thereof, not just the singular duties of [General Fidelity]." (*Id.*)

## IV.  DISCUSSION

Garrett argues that this court should abstain from deciding General Fidelity's declaratory judgment action under the *Wilton–Brillhart*[1] Abstention Doctrine. In response, General Fidelity argues that litigating in this court would be expeditious, would avoid incomplete justice in the state court, will avoid further delay, and will satisfy any interests of comity. Further, General Fidelity asserts that it will file a motion for summary judgment in the Underlying Lawsuit and that that state court action will be dismissed under the state's abatement statute.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

---

[1] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281–82 (1995) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)). In declaratory judgment actions, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

Under the *Wilton–Brillhart* Abstention Doctrine, both the Eleventh Circuit and Supreme Court have cautioned against a district court exercising its jurisdiction over a declaratory judgment action when "another suit is pending in a state court [1] presenting the same issues, [2] not governed by federal law, [3] between the same parties." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Brillhart*, 316 U.S. at 495). If a suit presents these issues, as does this suit, the Eleventh Circuit has enumerated nine factors for district courts to consider when determining whether to exercise jurisdiction over such a suit. *Id.* at 1331. Those factors are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether

> federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331.

In *Amerisure Mutual Insurance Co. v. Paragon Construction & Development, Inc.*, another judge in this district stayed a very similar declaratory action until pending state court bad faith litigation had been resolved. Civil Action No. 2:06cv1047-MHT, 2007 WL 2893404, at *1 (M.D. Ala. Sept. 28, 2007) (Thompson, J.). In that case, a condominium association sued Paragon Construction ("Paragon") and several other defendants over a construction dispute. Two years later, Paragon's insurer, Amerisure, informed Paragon that it would no longer cover Paragon, and Amerisure subsequently filed a declaratory action in federal court asking the court to determine whether the insurance policies required Amerisure to defend Paragon. One month after the declaratory action was filed, Paragon filed state court claims against Amerisure, alleging bad faith, breach of contract, fraud, negligence, wantonness, and self-dealing. Paragon then filed a motion in the federal court to dismiss the declaratory action or, in the alternative, to stay the action.

The court in *Amerisure* considered the nine *Ameritas* factors and stayed the declaratory action. First, because "[t]he original state lawsuit was filed by two Alabama corporations in an Alabama state court against an Alabama construction company on a matter of Alabama law," and because the declaratory action asked the court to "interpret insurance policies issued in Alabama to an Alabama business," Alabama had a strong interest in having the declaratory action's issues decided in Alabama state court. *Id.* at *2. Second, "while issuing a judgment in this federal action would lend clarity to the parties' legal relationship, such a ruling would not necessarily settle the controversy." *Id.* In particular, the court noted that, "[f]or example, if [the] court were to rule that the Amerisure companies are obligated to cover Paragon, that would not

6

settle the question whether the companies acted in bad faith, as alleged in the parallel, second state suit," and thus the second and third factors counseled against continuing with the declaratory judgment action. *Id.* Third, "both parties [. . .] engaged in 'procedural fencing'" because Amerisure filed its action in order to remove a non-removable case, and Paragon only filed its state court action after Amerisure filed its declaratory action. *Id.* at *3. Thus, "the fourth *Ameritas* factor weigh[ed] neither in favor of nor against exercising federal jurisdiction at [that] time." *Id.* Fourth, consideration by the court of overlapping questions of state law through the declaratory action could "increase the friction between [. . .] federal and state courts." *Ameritas*, 411 F.3d at 1331. Fifth, resolving all of the issues in state court would be preferable to a piecemeal resolution by the declaratory action. *Amerisure*, 2007 WL 2893404, at *3. Sixth, because Amerisure represented "that they denied coverage in part because Paragon seeks indemnification for damages that manifested themselves prior to the period contemplated in the insurance policies," "'underlying factual issues are important to an informed resolution of the case.'" *Id.* at *4 (quoting *Ameritas*, 411 F.3d at 1331). Further, while "[i]t [could not] be conclusively said that a state court is in a better position to assess that factual question than a federal court," "it is better for one court to make this factual determination, rather than for two courts to duplicate each other's efforts." *Id.* Finally, in determining "'whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action,'" the court stated that "all three lawsuits [. . .] are [. . .] based on questions of state, rather than federal, law" and that, as a result, the factor weighed in favor of deferring to the state court action. *Id.* (quoting *Ameritas*, 411 F.3d at 1331). Thus, based on the nine *Ameritas* factors, the

court decided that the state court action was the preferred method for resolving the issues raised in the declaratory action.

The court in *Amerisure* also analyzed whether to dismiss or stay the declaratory action. Pointing to *Wilton*, the court acknowledged the Supreme Court's view "that 'a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.'" *Id.* (quoting *Wilton*, 515 U.S. at 288 n.2). The court noted that "[t]he Amerisure companies [. . .] informed the court that a motion to dismiss [was] pending in the parallel state-court action [and that the motion asserted] that, under Alabama law, the claims alleged in the parallel, second state suit are required to be pleaded as counterclaims in the federal declaratory-judgment action, rather than as independent causes of action in state court." *Id.* at *5. Thus, "[b]ecause of the possibility that the state court may [have] elect[ed] to grant the companies' motion to dismiss the state action, [the] court [decided to] stay, rather than dismiss, [the] federal lawsuit." *Id.*

The court finds the *Amerisure* decision to be persuasive. The case at issue here is virtually identical to *Amerisure*, and the court applies the same reasoning in that case to the facts of the instant case.

As in *Amerisure*, here one of several Defendants from an underlying state court case, Garrett, has filed claims in state court for bad faith, breach of contract, and fraud in connection with an insurer's decision that it would not provide coverage. Applying the *Ameritas* factors, the court finds that the balancing of those factors results in the same outcome as *Amerisure*. First, the Underlying Lawsuit was filed by an Alabama Limited Liability Company and three Alabama residents against several Alabama Defendants, including Alabama resident Garrett, on issues of Alabama law. Further, the declaratory action in this case concerns insurance policies that were

8

issued in Alabama to an Alabama business, and the coverage issues will be determined by Alabama law. Second, and Third, as in *Amerisure*, while a judgment in the declaratory action would "lend clarity to the parties' legal relationship," such a judgment would not settle all controversies, and resolve all the Alabama state law issues. Fourth, as in *Amerisure*, the court finds that both sides have engaged to some extent in "procedural fencing," whether by General Fidelity filing a declaratory action in federal court, or by Garrett in response to the declaratory action. Fifth, as in *Amerisure*, this court's determination of overlapping state law issues could lead to increased friction between the state and federal courts. Sixth, Garrett's state court action should fully resolve all issues and is thus preferable to the piecemeal resolution that this court's declaratory judgment would offer. Seventh and Eighth, although it cannot be said that a state court is better situated than this court to resolve some underlying factual issues, it would be better for one court to resolve all those issues. Because General Fidelity alleges that it refused, in part, to cover Garrett because "Coverage is not afforded for the defamation claims in the underlying lawsuit under Coverage B in the Policies based on the absence of an offense during any of the policy periods," (Doc. # 1 ¶ 27), a factual issue of timing is potentially important to resolution of the case. The state court action also raises a factual issue as to whether the insurance agent and agency were acting on behalf of General Fidelity in the procurement and selection of the policies. Ninth, as in *Amerisure*, all three lawsuits at issue concern state law, and not federal common or statutory law, and therefore the final *Ameritas* factor counsels for resolution in state court.

      Finally, the court rejects General Fidelity's expediency, incomplete justice, unnecessary delay, and comity arguments. Although General Fidelity argues that resolution of the case will be most expeditious if kept in this court, it states that it will move for summary judgment in the

state court action based on Alabama's Abatement Statute and expects that suit to be dismissed. Therefore, that state law issue will be directly presented and resolved in that action. If the state court agrees with that contention and dismisses its case, this court can then proceed, and General Fidelity will be free to file a summary judgment motion here on the discrete issue of application of the cross suits exclusion.

Accordingly, the court will not dismiss this action, but, in the exercise of its discretion, *see Wilton*, 515 U. S. at 288, will, as in *Amerisure,* stay the case "[b]ecause of the possibility that the state court may elect [. . .] to dismiss the state action." *Amerisure*, 2007 WL 2893404, at *5.


## V. CONCLUSION

For these reasons, it is hereby ORDERED that the Defendant's Motion to Dismiss Declaratory Judgment or in the Alternative Motion to Abstain (Doc. # 13) is **DENIED** as to the Motion to Dismiss but **GRANTED** as to the Motion to Abstain to the extent that the case is STAYED pending resolution of Garrett's state court case.


 Done this 25th day of February, 2014.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR U.S. DISTRICT JUDGE